IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**EDWARD JESSE DREYFUSE,**

    **Plaintiff,**

v.                                            Case No. 2:18-cv-01152

**RAHUL GUPTA, M.D.**
**Commissioner, W. VA. D.H.H.R.;**
**ALLEN MOCK, M.D., W. VA.**
**Chief Medical Examiner;**
**Defendants in their Individual**
**and Official Capacities;**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On July 16, 2018, Plaintiff Edward Jesse Dreyfuse filed the instant Complaint seeking declaratory and injunctive relief against the defendants. (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending are Defendants' Motion to Dismiss, (ECF No. 13); Plaintiff's Motions for Voluntary Dismissal, (ECF Nos. 27, 28); Plaintiff's Motion to Proceed with Discovery, (ECF No. 16); Plaintiff's Emergency Motion to Preserve Evidence, (ECF No. 20); and Plaintiff's Motion to Recover Costs of Filing, (ECF No. 25). Because the parties reached a compromise of their differences at the initial status conference and resolved all matters in controversy, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Plaintiff's Motions for

Voluntary Dismissal; **DENY** Defendants' Motion to Dismiss, Plaintiff's Motion to Proceed with Discovery, Plaintiff's Emergency Motion to Preserve Evidence, and Plaintiff's Motion to Recover Costs of Filing, as moot; **DISMISS** the Complaint, with prejudice, and remove this action from the docket of the Court.

## I. Relevant Background

Plaintiff is serving a sentence of life imprisonment without the possibility of parole after being convicted of First Degree Murder and Burglary in the Circuit Court of Cabell County, West Virginia. Since his sentencing, Plaintiff has pursued post-conviction relief in various forums and currently has a habeas proceeding pending in state court. Plaintiff filed the instant action after unsuccessfully attempting to obtain a copy of the post-mortem examination report of Mr. Otis Clay, Jr., the murder victim.

In the complaint filed herein, Plaintiff claimed that the defendants were unlawfully depriving him of his constitutional right to due process by withholding the post-mortem examination report and were also violating West Virginia statutes that allowed certain interested persons to have access to post-mortem records. For relief, Plaintiff asked this Court to order the defendants "to immediately provide to the Plaintiff a full and complete copy of Mr. Otis Clay Jr.'s autopsy report." (ECF No. 1 at 11). Plaintiff emphasized that he was not seeking monetary compensation; instead, he wished only to receive a copy of the report, which he needed to pursue his habeas action.

In response, Defendants filed a Motion to Dismiss the complaint. (ECF No. 13). Defendants argued that post-mortem examination records are confidential documents under West Virginia law and, consequently, must be protected from inappropriate disclosure. Defendants contended that Plaintiff had not correctly requested the autopsy report and suggested that Plaintiff had not supplied a plausible factual foundation to

2

support the legal claims in his complaint. Defendants pointed to the lack of any allegations in the complaint stating that Plaintiff had received a denial of a request for the report made pursuant to the applicable West Virginia code sections.

At the initial status conference, the undersigned and the parties engaged in a lengthy discussion about the governing West Virginia statutes and Plaintiff's qualification under the statutes to receive a copy of Mr. Clay's post-mortem examination report. By way of compromise, Defendants agreed that they would provide Plaintiff with a copy of Mr. Clay's complete post-mortem examination report. In turn, Plaintiff agreed that upon receiving the report, he would move to voluntarily dismiss the lawsuit. Plaintiff was given fourteen days after receipt of the report to notify the Court if he had any concerns with the document he received from Defendants. The only outstanding issue that remained at the conclusion of the hearing was whether there would be confidentiality limitations placed on Plaintiff's use of the report. That issue was resolved by Order. (ECF No. 24).

Thereafter, Plaintiff filed a motion to recover his filing fee on the basis that he had substantially prevailed. (ECF No. 25). However, as explained in the subsequent Order, the outcome at the status conference was a compromise and not a ruling. (ECF No. 26). After receiving the Order, Plaintiff indicated his desire to proceed with the compromise reached at the status conference and forgo his request for recovery of the filing fee. (ECF No. 28). On November 19, 2018, Defendants filed a Certificate of Service, confirming that they had provided Plaintiff with a copy of the post-mortem examination report. More than fourteen days have passed since Plaintiff received a copy of the post-mortem examination report.

## II. **Discussion**

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff to request the voluntary dismissal of an action, and the court may grant a dismissal on terms that the court

considers proper. In this case, the parties appeared at a status conference and resolved their differences, allowing Plaintiff to promptly obtain a copy of the post-mortem examination report that he needed to pursue his habeas petition. Given that Plaintiff received the relief he requested, this Court has nothing further to offer him. In other words, "the issues presented are no longer 'live' [and] the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Accordingly, the undersigned **FINDS** Plaintiff's motions for voluntary dismissal to be exceedingly appropriate. The undersigned further **FINDS** that dismissal in this case should be with prejudice as all matters in controversy were compromised. In view of the agreement reached by the parties and Plaintiff's request for voluntary dismissal, the remaining motions are also moot. Therefore, the undersigned **FINDS** that Defendants' Motion to Dismiss, Plaintiff's Emergency Motion to Preserve Evidence, and Plaintiff's Motion to Recover Costs of Filing require no further consideration on the merits.

### III.     Proposal and Recommendations

For the reasons set forth above, the undersigned **PROPOSES** that the presiding District Judge accept and adopt the findings herein and respectfully **RECOMMENDS** that he **GRANT** Plaintiff's Motions for Voluntary Dismissal, (ECF Nos. 27, 28); **DENY** Defendants' Motion to Dismiss, (ECF No. 13), Plaintiff's Motion to Proceed with Discovery, (ECF No. 16); Plaintiff's Emergency Motion to Preserve Evidence, (ECF No. 20), and Plaintiff's Motion to Recover Costs of Filing, (ECF No. 25), as moot; **DISMISS** the Complaint, with prejudice, and remove this action from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** December 7, 2018

Cheryl A. Eifert
United States Magistrate Judge