IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**EDWARD JESSE DREYFUSE,**

    **Plaintiff,**

v.                                                  Case No.:  2:18-cv-01152

**RAHUL GUPTA, M.D.,**
**Commissioner, W. Va. D.H.H.R.:**
**ALLEN MOCK, M.D. W. Va.**
**Chief Medical Examiner;**
**Defendants in the Individual and**
**Official Capacities,**

    **Defendants.**

## ORDER

Pending before the Court is Plaintiff Edward Jesse Dreyfuse's Motion requesting an order to seal the matters of this case sub judice and an order to redact and remove all publications of the matters from public disclosure, pursuant to Rule 26(c)(B)(2). (ECF No. 40). Plaintiff also requests a hearing on the matter. (*Id*. at 2).

This case was voluntarily dismissed and closed in February 2019 after the parties reached an agreement at the initial status conference. (*See* ECF Nos. 27, 28, 32, 33, 34). The pending motion is filed more than six years after closure. As grounds for the motion to seal, Plaintiff asserts that the matters involve underlying criminal and post-conviction habeas proceedings, which were placed under protective order and sealed by a special assigned state judge on March 19, 2025, and he wishes to maintain confidentiality. (ECF No. 40). He does not identify any specific filing in this civil case that contains confidential or sensitive information protected by the state court order. (*Id*.). After review of the

1

motion and the filings in this matter, and for the reasons stated herein, the undersigned **DENIES** Plaintiff's Motion to Seal and Motion for Hearing. (*Id.*).

Rule 26(c) of the Federal Rules of Civil Procedure governs protective orders in the context of discovery and does not supply authority to seal a closed case or the judicial record. Fed. R. Civ. P. 26(c). Further, the Southern District's Local Rule 26.4 requires specific justification before the public-inspection rule may be abrogated, and the Court has repeatedly admonished parties that motions to seal must comply with that rule and its required showing. *See Scraggs v. NGK Spark Plugs*, No. 2:15-cv-11357, 2016 WL 2851567, *4 (S.D.W. Va. May 13, 2016) (noting motions to seal "have been submitted with little regard for the requirements set out in the Local Rules" and that seals are refused where requirements are not met).

The common law and First Amendment right of access to judicial records outweigh a generalized interest in sealing a court record. *See Doe v. Public Citizen*, 749 F. 3d 246, 265-67 (4th Cir. 2014); *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575-77 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Plaintiff cites a protective order granted in a separate state criminal and post-conviction habeas proceeding as the basis for his request. (*Id.* at 1-2). The Court finds that the existence of a protective order in another proceeding — or the parties' desire for confidentiality — does not, by itself, create the compelling interest necessary to overcome the public's qualified right of access to judicial records in this Court. *Dilliner v. Gen. Motors, LLC,* No. 2:19-cv-00415, 2021 WL 665531, *4 (S.D. W. Va. 2021) ("When a party fails to 'offer[ ] any reason for secrecy except that they have a confidentiality agreement,' the presumption cannot be overcome.") (internal citations omitted). Further, protective orders govern discovery within the case in which they are entered, and the Court retains

2

authority to review and lift "CONFIDENTIAL" designations from other matters where the movant fails to show good cause. *See Massey Coal Servs., Inc. v. Victaulic Co.*, No. 2:06-cv-00535, 249 F.R.D. 477, 480-484 (S.D.W. Va. Apr. 21, 2008) (lifting confidentiality designations where party failed to show good cause under Rule 26(c) and LR 26.4).

Finally, the Court notes Plaintiff filed a prior motion for a protective order in this federal civil case, (ECF No. 36), which was denied, (ECF No. 37), but it appears to concern unrelated matters and is irrelevant to the present motion.

Plaintiff's request for a hearing is unnecessary because the motion can be resolved based on the written submissions. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Seal and request for a hearing, (ECF No. 40) are **DENIED**. To the extent Plaintiff identifies a specific filing containing personal identifiers subject to Fed. R. Civ. P. 5.2, he may file a narrowly tailored motion requesting redaction.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: December 12, 2025

Joseph K. Reeder
United States Magistrate Judge